IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | | Civil Action No.  04-1153 |
| | ) | |
| ARTHUR AULTMAN, et al. | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Chief District Judge.

# OPINION
## and
## ORDER OF COURT

### SYNOPSIS

The issue before the court is whether real property purchased by the Defendant remains subject to federal tax liens where notice of the tax sale was not given in accordance with the applicable statute.  I find that the property does remain subject to federal tax liens.  The Motion for Summary Judgment is granted.

### OPINION

The salient facts here are simple and undisputed.  Defendants Arthur E. Aultman and Dorothy M. Aultman purchased property in Westmoreland County, Pennsylvania, more than fifty years ago ("Parcel Three").  In February of 1994, a notice of federal tax lien was filed against the Aultmans in connection with their

1

1989 income tax liability.  Also in February of 1994, a notice of federal tax lien was filed against the Aultmans in connection with income tax liabilities for the years 1984, 1985, 1986, 1987 and 1989.  Both liens were refiled in December of 2002.  There is no dispute that the federal tax liens attached to Parcel Three.  In 1995, the Aultmans transferred their tenancy by the entireties interest in Parcel Three to Dorothy Aultman.

In 2000, the Tax Claim Bureau of Westmoreland County, Pennsylvania filed a Petition in the Court of Common Pleas of Westmoreland County to sell free and clear Parcel Three.  Ultimately, on October 20, 2003, Defendant Mary Carol Aultman, the Aultmans' daughter, purchased Parcel Three at a tax sale. The Tax Claim Bureau then issues Mary Carol Aultman a free and clear deed.

The United States subsequently commenced this action.  The United States seeks an entry of judgment in its favor and against Mary Carol Aultman, stating that Parcel Three remains subject to Federal tax liens. See Docket No. 19.  The United States contends that the liens remain in effect because it was not given any notice of the sale.  Mary Carol Aultman counters that the United States received actual notice of the sale.

After careful consideration, and for the reasons set forth below, I find that the liens remain in effect.  The Motion for Summary Judgment is granted.

## STANDARD OF REVIEW

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show

that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  A fact is material when it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990).  The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Anderson, 477 U.S. at 248.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322.  Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show

3

that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  A fact is material when it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## ANALYSIS

The facts of this case are clear and undisputed.  Aultman concedes that the United States was never made a party to the proceeding in Westmoreland County relating to the sale of Parcel Three. See Docket No. 19, p. 2.  Aultman further concedes that the United States was not given notice of the sale as required by the statute.

Section 2410 of Title 28 of the United States Code provides that:

> (a) ... the United States may be named as a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter -
> ...
> > (2) ... to foreclose a mortgage or other lien upon ... real or personal property on which the United States has or claims a mortgage or other lien.
>
> (b) ... In actions in the State courts service upon the United States shall be made by serving the process of the court with a copy of the complaint upon the United States attorney for the district in which the action is brought or upon an assistant United States attorney or clerical

> employee designated by the United States in writing filed with the clerk of court in which the action is brought and by sending copies of the process and complaint, by registered mail, or by certified mail, to the Attorney General of the United States at Washington, District of Columbia.... .

28 U.S.C. § 2410.

Where the United States has not been named a party in accordance with § 2410, the lien survives. See 26 U.S.C. § 7425.[1]  Aultman offers two arguments in an effort to avoid this conclusion.  First, she urges that the United States received *actual* notice of the judicial sale and that such notice satisfies the statutory requirements.  Second, she argues that the United States would be unjustly enriched if the lien were not deemed extinguished.  For the reasons set forth below, I do not find either argument particularly persuasive.

**A. ACTUAL NOTICE**

It is undisputed that, during the course of the state proceeding, counsel for Dorothy Aultman faxed a copy of a motion for continuance to then-District Counsel for the Internal Revenue Service, Edward J. Laubach.  Aultman urges that this satisfies the requirement for statutory notice.  Significantly, however, Aultman has

---

[1] Section 7425 of Title 26 provides:
(a) Judicial proceedings. - If the United States is not joined as a party, a judgment in any civil action or suit described in subsection (a) of section 2410 of title 28 of the United States Code, or a judicial sale pursuant to such a judgment with respect to property on which the United States has or claims a lien under the provisions of this title -

(1) shall be made subject to and without disturbing the lien of the United States, if notice of such lien has been filed in the place provided by law for such filing at the time such action or suit is commenced. ...

26 U.S.C. § 7425(a)(1).

not provided any citation to authority for this proposition.

My research did not reveal any case law supporting her assertion. In fact, my research confirmed the United States' position that nothing short of statutory notice according to § 2410 will suffice. See United States v. McNeil, 661 F. Supp. 28 (E.D. Ky. 1987) (finding that the judicial sale of property was made subject to, and without disturbing, the tax lien, where the United States was named as a defendant and where the United States Attorney General was served, but where the United States Attorney for the Eastern District of Kentucky was not served.); United States v. Rockland Trust Co., 860 F. Supp. 895, 897 n. 3 (D. Mass. 1994) (observing that "§ 2410 does not recognize mere constructive or even actual knowledge of pending actions but rather, recognizing the potential for disputes regarding service of diffuse bureaucratic institutions, requires the careful observation of certain formalities.").[2] Accordingly, statutory notice is required.

**(B) UNJUST ENRICHMENT**

Aultman argues in the alternative that the Government should be precluded from asserting its lien because it "sat on its hands and made no attempt to foreclose on the property until after ... Aultman ... had purchased the property eight months later, and improved the property at an additional expenditure of $15,000.00 for

---

[2] I find the decision rendered in United States v. Capobianco, 836 F.2d 808 (3d Cir. 1988) to be distinguishable. In Capobianco, the Third Circuit Court found that the purpose of section 2410 was satisfied when the government received "actual, timely notice." Capobianco, 836 F.2d a 817. While the decision may suggest that actual, rather than statutory notice suffices, I note that the United States was a party to that action. Here, the United States was not. Further, in Capobianco, notice of the sale was mailed to the United States Attorney for the Eastern District of Pennsylvania and to the Attorney General in Washington, D.C. Thus, copies of the proceedings were actually provided to the individuals identified in the statute. Here, those individuals identified in the statute were not given copies of anything.

windows and electrical work." See Docket No. 29, p. 3.  According to Aultman, the United States would be "unjustly enriched" if the Court were to conclude, under these circumstances, that the liens survived the sale.  Again, however, Aultman has not identified any case law where a court has concluded that theories of unjust enrichment or estoppel can operate so as to disturb federal tax liens.

The absence of case law supporting Aultman's position is telling.  As the United States explains, there is no requirement that the Internal Revenue Service ("IRS") take immediate action to foreclose upon the lien.  Indeed, the IRS has 20 years during which to pursue administrative collection. See 26 U.S.C. § 6323(g).  Thus, Aultman's "reliance" on the fact that the United States had not foreclosed on the property in the past (See Docket No. 19, p. 4) was misplaced.

Additionally, here, Aultman knew that the property was subject to a lien. Within sixty days of the sale, the IRS sent her a letter informing her that the property was subject to several liens.  In the letter, the IRS explained that the amount secured by the liens, through December 31, 2003, was $635,546.17. See Docket No. 35, Ex. 2.  The IRS cautioned Aultman that it was "considering taking levy and / or suit actions to realize our interest in the property." Id.  Consequently, Aultman cannot claim that she was unaware of the lien.

As the Ninth Circuit Court of Appeals noted in Schuster v. Commissioner, 312 F.2d 311, 317 (9th Cir. 1962):

> [i]t is conceivable that a person might sustain such a profound and unconscionable injury in reliance on the Commissioner's actions as to require, in accordance with any sense of justice and fair play, that the Commissioner

> not be allowed to inflict the injury.  It is to be emphasized that such situations must necessarily be rare, for the policy in favor of an efficient collection of the public revenue outweighs the policy of the estoppel doctrine in its usual and customary context.

Yet the facts underlying this case do not suggest that Aultman suffered a "profound and unconscionable injury in reliance on the Commissioner's action…." See Simon v. United States, 756 F.2d 696 (9th Cir. 1985) (finding that the United States was not equitably estopped from asserting its federal tax lien where an IRS agent failed to notify the purchasers that written notice was required and that a failure to provide written notice would result in the lien not being discharged).  Indeed, the tax lien was filed prior to Aultman's purchase of the property.  Consequently, she is deemed to have been aware of it.  Additionally, shortly after she purchased the property, the IRS wrote to her and informed her that it was considering action on the liens. Aultman chose to make improvements to the property at her own peril.

* * * * * * * * * * * * * * * * * * * *

8

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | Civil Action No.  04-1153 |
| | ) |
| ARTHUR AULTMAN, et al. | ) |
| | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## **ORDER OF COURT**

AND NOR, this **6**[th] day of March, 2007, after careful consideration, and for the reasons set forth in the Accompanying Opinion, it is ORDERED that the Government's Motion for Summary Judgment (Docket No. 23) is GRANTED.  The Court finds that the Westmoreland County sale of the real property known in this litigation as "Parcel Three" was conducted without providing the requisite statutory notice to the United States and, as a result, the Federal tax liens against Parcel Three remain undisturbed.

Accordingly, it is further ORDERED that Plaintiff shall submit by March 28, 2006, a proposed order for default judgment against defendants  Arthur E. Aultman and Dorothy M. Aultman and judgment against defendant Mary Carol Aultman, reducing

the various federal tax assessments to judgments, foreclosing on the Federal tax liens which have attached to the certain parcels of real property in the Borough of North Irwin, Westmoreland County identified in the Complaint, including Parcel Three, and providing for the sale of those parcels.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge